AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. 22-MJ6001 |
| AUSTIN D. GRISHAM | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

**FILED**
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Mar 7, 2022

OFFICE OF THE CLERK

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __MARCH 3, 2022__ in the county of __Garland__ in the __Western__ District of __Arkansas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 662 | Receiving Stolen Property within the Special Maritime Jurisdiction of the United States |

This criminal complaint is based on these facts:

Please see attached Affidavit of Zach Summerlin, Ranger, United States Park Service.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Zach Summerlin, Ranger, NPS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: March 7, 2022

_____
*Judge's signature*

City and state: Hot Springs, AR

Hon. Barry A. Bryant, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. _____ |
| AUSTIN D. GRISHAM, | |
| Defendant. | |

### AFFIDAVIT IN SUPPORT OF A CRIMINAL INFORMATION AND SUMMONS

I, Zach Summerlin, being duly sworn, depose and state the following:

1. I am a United States Park Ranger for the National Park Service and have been so employed since 2007. I am presently assigned to Hot Springs National Park in Arkansas. I have received specialized training at the Federal Law Enforcement Training Center ("FLETC") and my training and experience include courses addressing basic criminal law, federal court procedures, and various investigative techniques.

2. Since April 2011, I have been assigned as a Law Enforcement Officer at Hot Springs National Park, an area of exclusive special maritime and territorial jurisdiction of the United States situated in Garland County, Arkansas. As part of my duties, I investigate criminal violations relating to, among other things, thefts and other crimes as outlined in Title 36 of the Code of Federal Regulations and Titles 18 and 21 of the United States Code. This affidavit is submitted for the limited purpose of obtaining an arrest warrant for Austin D. GRISHAM. It is not intended to include each and every fact and matter observed by me or known to the United States.

### SUMMARY OF FACTS TO SUPPORT PROBABLE CAUSE

3. On March 3, 2022, at approximately 11:00 a.m., a Caucasian male in his thirties

was observed standing on the rear porch of one of the buildings located at 105 Reserve Street, which is a part of the Arkansas Career Training Institute (ACTI) complex located within the boundaries of Hot Springs National Park. This area is situated on public lands held in fee simple ownership by the United States, namely Hot Springs National Park, and is within the exclusive special maritime and territorial jurisdiction of the United States in Garland County, Arkansas. Supervisory U.S. Park Ranger Chris Schreck and Chief Ranger Jeff Johnson, along with officers from Hot Springs Police Department, made contact with an individual later identified as Austin D. GRISHAM. GRISHAM is a white male, standing approximately 5'10", weighing approximately 170 pounds, with blue eyes, brown hair, DOB xx/xx/1983, Social Security Number xxx-xx-9946, Arkansas Driver's License No. 9172686600, and a listed address of 131 Chapel Street, Hot Springs, Garland County, Arkansas 71901.

4. GRISHAM was informed that he was there illegally, and the Rangers ordered GRISHAM to exit the building. GRISHAM became argumentative and began screaming at the Rangers that he was not going to come out. GRISHAM was again ordered to show himself to law enforcement and vacate the building. GRISHAM again refused to exit the building and stated, in substance, that "if you want me to come out, you will have to shoot me."

5. GRISHAM continued to refuse to exit the building, remained defiant and confrontational, and did not comply with lawful orders issued by the on-scene law enforcement officers. Officer Corey Montgomery, Hot Springs Police Department (HSPD), was also on scene and requested the presence of a HSPD hostage negotiator. Shortly thereafter, Officer Mike Brown, HSPD Hostage Negotiator, arrived to assist. Additionally, Chief Ranger Jeff Johnson requested the assistance of a canine (K9) unit. Approximately twenty (20) minutes after initial contact with GRISHAM, Officer Brown was able to convince GRISHAM to come up from the basement of the

building.

6. GRISHAM was safely detained by officers and searched for any weapons. The officers found a broken glass pipe that, per my training and experience, is typically used to smoke illegal drugs, along with a knife, jewelry, and other small personal items on GRISHAM's person. Ranger Schreck informed GRISHAM that he was not currently under arrest but was being detained and placed him in his patrol vehicle. Throughout this process GRISHAM remained belligerent toward the Rangers and Officers on-scene and would randomly yell obscenities when Officers would ask him basic questions. Once GRISHAM was safely detained, Chief Ranger Johnson called the Affiant and Ranger McHale to assist with cataloging and collecting evidence.

7. The Affiant and Ranger McHale subsequently entered the building. The building was cluttered and in a state of disarray, which made it difficult to navigate from room to room without stepping on or climbing over obstacles. Throughout the building, the floors and essentially all available surfaces were covered with an amalgam of trash, glass, food and tobacco remnants, rocks and crystals, dirty furniture and mattresses, and items collected from other buildings on the complex (many with ACTI property tags) such as lawn mowers, power tools, hand tools, copper items, wires and pipes, blowtorches, television and computer monitors, cameras and other small electronics, air compressors, space heaters, paint sprayers and related fixtures and materials, and many other items. An initial cursory cataloging and valuation of these items leads to the determination that they are of an aggregate value well in excess of 1,000.00 United States dollars. Based on the information available at this time, it is believed that a reasonable estimate of the aggregate value of the stolen property would exceed 8,000 to 10,000 United States dollars.

8. Additionally, it was determined that multiple rooms in the building were being used as workspaces to breakdown copper gutter downspouts that had been removed from the exteriors

of several buildings in the complex. Further, hundreds of copper pieces and wires were found and collected. Cables and pipes were scattered everywhere throughout the building. Many cables that were found were in the process of being separated of their copper components. Rangers discovered large amounts of tubing that were stripped from copper cables. They also discovered a knapsack that contained copper downspouts that were flattened and had been cut into smaller pieces.

9. The Affiant and Ranger McHale attempted to speak with GRISHAM to inform him that he could walk into the building to identify his belongings, as GRISHAM had previously requested. However, GRISHAM began shouting again, stating that he wasn't doing anything wrong, had been staying there for three months, that we (the Rangers) were stealing from him, and that it was unacceptable that he remained handcuffed while walking through the building.

10. It was determined that the building had been inspected by Ranger Schreck in November of 2021. The subject stolen property was not present in the building at that time and the inspection did not give rise to any belief that anyone was staying or unlawfully remaining in the building.

11. ACTI Director Jonathan Bibb, who was incidentally present on the complex, observed the property located in the building and confirmed that multiple items inside belonged to ACTI. Director Bibb also confirmed that the items had been taken and possessed without authorization from the other shops and buildings on the complex.

12. The following day on March 4, 2022, the Affiant ran GRISHAM's name through "Leads-Online," a database that tracks items that have been scrapped or pawned. The Affiant discovered that since on or after January 14, 2022, GRISHAM has sold approximately 730 pounds of copper for in exchange for $2,178.00 at Cobb Recycling Plant in Hot Springs. Photographs taken at Cobb Recycling Plant show GRISHAM holding copper downspouts that matched the

same style and type found in the knapsack GRISHAM had in the building where he was located. Additionally, other photos showed GRISHAM holding copper wire that matched the same size and type that was being stripped inside the same building.

## CONCLUSION

13. Based on my experience and given the aforementioned facts, I submit that there is probable cause to believe that on or about March 3, 2022, within the Western District of Arkansas, that Austin D. GRISHAM, stole or unlawfully possessed the property of another, namely property of the State of Arkansas by and through ACTI, in violation of Title 18, United States Code, Section 662, entitled: Receiving stolen property within special maritime and territorial jurisdiction.

14. Therefore, your Affiant respectfully requests that this Court issue an arrest warrant for Austin D. GRISHAM.

Zach Summerlin
Ranger
National Park Service

Subscribed and sworn to before me on this 7th day of March, 2022.

HON. BARRY A. BRYANT
United States Magistrate Judge
Western District of Arkansas

5